UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ISRRAEL CORTEZ GARRIDO,

                              Petitioner,

v.

MARKWAYNE MULLIN, in his official
capacity as Secretary of Homeland
Security; Christopher J. LAROSE, in his
official capacity as Senior Warden of Otay
Mesa Detention Center, Gregory J.
ARCHAMBEAULT, in his official
capacity as San Diego Field Office
Director, ICE Enforcement Removal
Operations; Todd LYONS, in his official
capacity as Acting Director of ICE; and
Todd BLANCHE, Acting U.S. Attorney
General; IMMIGRATION AND
CUSTOMS ENFORCEMENT;
DEPARTMENT OF HOMELAND
SECURITY,

                              Respondent.

Case No.:  3:26-cv-02800-LEK-GC

**ORDER GRANTING IN PART AND
DENYING IN PART PETITION
FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Isrrael Cortez Garrido's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on May 2, 2026. [Dkt. no. 1.] Respondents Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security ("DHS"); Christopher J. LaRose, in his official capacity as Senior Warden of Otay Mesa Detention Facility; Gregory J. Archambeault, in his official capacity as San Diego Field Office Director, Immigration and Customs Enforcement ("ICE"),

Enforcement Removal Operations; Todd Lyons, in his official capacity as Acting Director of ICE; and Todd Blanche, Acting U.S. Attorney General ("Respondents")[1] filed a Response to Petition ("Response") on May 12, 2026. [Dkt. no. 5.] Petitioner filed a reply to the Response ("Reply") on May 13, 2026. [Dkt. no. 6.]

Petitioner, a Mexican national, entered the United States in 2011. [Petition at ¶ 16.] Petitioner states that he has been detained by Respondents at the Otay Mesa Detention Center since April 20, 2026. [Id. at ¶¶ 17-18.] Count One of the Petition argues that Petitioner's detention is governed by Title 8 United States Code Section 1226(a), and therefore he is not subject to mandatory detention under Title 8 United States Code Section 1225(b). See id. at ¶ 29. Count Two of the Petition argues that Petitioner's detention violates his constitutional due process rights. See id. at ¶¶ 30-34. Petitioner asks this Court to order his immediate release, subject to reasonable conditions of supervision. See id. at pg. 9.

Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)" because they concede that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz." Response at 2; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1104-06 (C.D. Cal. 2025) (concluding that the petitioners' interpretation of Sections 1225 and 1226 is correct, and Section 1226 is "the default detention authority for all persons detained pending a removal decision, while [Section 1225] has a limited temporal scope that concerns 'inspection' and 'expedited removal of inadmissible arriving [noncitizens]'" (second alteration in Maldonado Bautista) (citations omitted)); id. at 1127 (granting certification of a Bond Eligible Class defined as "[a]ll noncitizens in the

---

[1] The caption of the Petition lists other entities. See Petition at pg. 1. However, because they are not listed among the parties within the Petition, see id. at pgs. 3-4, this Court does not consider the entities listed in the caption to be among the Respondents in this case.

United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination").[2] Respondents argue that, if this Court orders a bond hearing, this Court should consider the government's "heavy caseloads and staffing levels" and should not require the bond hearing to be held earlier than fourteen days from the filing of the order. See Response at 2 n.1.

"Petitioner does not oppose Respondent[s'] characterization that Petitioner qualifies for a bond hearing." [Reply at 1.] However, Petitioner argues this Court should order his immediate release because allowing the bond hearing to be held up to fourteen days after the filing of the order would "result in an unfair delay at Petitioner's expense." [Id.]

This Court finds that allowing the bond hearing to be held within fourteen days is reasonable. Therefore, as to Count One, this Court grants Petitioner's request for a bond hearing and denies Petitioner's request for immediate release. If Respondents fail to comply with this order and the writ by failing to hold the bond hearing within the time specified, Petitioner may seek additional relief from this Court.

In light of these rulings, it is not necessary for this Court to address Count Two of the Petition.

---

[2] Maldonado Bautista does not apply in this case because, on March 6, 2026, the Ninth Circuit administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." See Maldonado Bautista et al. v. U.S. Dep't of Homeland Security et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. However, Respondents acknowledge that "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases." [Response at 1.]

3:26-cv-02800-LEK-GC

Petitioner has also requested that this Court award him attorney's fees. See Petition at pg. 9. This Court will consider an application requesting reasonable attorney's fees that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Isrrael Cortez Garrido's Petition for Writ of Habeas Corpus, filed May 2, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) within fourteen days of the filing of this Order. Respondents SHALL NOT deny Petitioner's bond on the basis that Title 8 United States Code Section 1225(b)(2) requires mandatory detention. The Petition is DENIED as to Petitioner's request for immediate release from custody. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **June 5, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 15, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ISRRAEL CORTEZ GARRIDO VS. MARKWAYNE MULLIN, ETC., ET AL; CV 26-02800 LEK-GC; ORDER GRANTING IN PART AND DENYING IN PARK PETITION FOR WRIT OF HABEAS CORPUS**

4

3:26-cv-02800-LEK-GC